seized by police in executing the search warrant (*see, Wong Sun v United States*, 371 US 471, 487-488; *People v Arnau*, 58 NY2d 27, 32-34). Thus, any error in denying the suppression motion cannot be said to have had an impact on defendant's decision to plead guilty (*see, People v Lloyd*, 66 NY2d 964, 965; *People v Strain*, 238 AD2d 452, 453, *lv denied* 90 NY2d 864; *People v Gomez*, 192 AD2d 549, 550, *lv denied* 82 NY2d 806). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRANDON, Appellant. [703 NYS2d 803] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that the police failed to honor his right to remain silent (*see, People v Mandrachio*, 55 NY2d 906, 907, *cert denied* 457 US 1122). In any event, that contention is without merit. The record does not demonstrate that defendant made an unequivocal and unqualified assertion of his right to remain silent (*see, People v Morton*, 231 AD2d 927, 928, *lv denied* 89 NY2d 944). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Burglary, 2nd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN M. SAMUELS, Appellant. [703 NYS2d 768] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court impermissibly penalized him for exercising his right to go to trial. "The imposition of a more severe sentence after trial than that offered to defendant pursuant to a plea offer that he rejected, without more, does not support the contention of defendant that he was penalized for exercising his right to go to trial" (*People v Jones*, 229 AD2d 980, *lv denied* 89 NY2d 925). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENT A. KROEMER, Appellant, v TIMOTHY MURRAY, as Superintendent of Groveland Correctional Facility, Respondent. (Appeal No. 1.) [703 NYS2d 796] —Judgment unanimously affirmed without costs (*see, People ex rel. Douglas v Vincent*, 50 NY2d 901, 903). (Appeal from Judgment of Supreme Court, Livingston County,

Alonzo, J.—Habeas Corpus.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ..

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENT A. KROEMER, Appellant, v TIMOTHY MURRAY, as Superintendent of Groveland Correctional Facility, Respondent. (Appeal No. 2.) [703 NYS2d 796] —Appeal unanimously dismissed without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Livingston County, Alonzo, J.— Reargument.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.

■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ANTHONY DANIELS et al., Defendants, and NICHOLAS DONVITO, SR., as Administrator of the Estate of NICHOLAS DONVITO, JR., Deceased, Appellant. (Appeal No. 1.) [703 NYS2d 796] —Judgment unanimously affirmed without costs. Memorandum: Nicholas Donvito, Jr. was killed when the vehicle in which he was a passenger struck a restaurant during a high-speed police chase. Another passenger was also killed. The vehicle was owned by defendant Filomena Madonna and insured by plaintiff, State Farm Mutual Automobile Insurance Company (State Farm). Madonna had given defendant Anthony Daniels permission to drive the vehicle to his place of business to perform some repairs on it but Daniels, who had been drinking through the early morning hours, decided to drive several of his friends to Sylvan Beach. Daniels was convicted of, *inter alia*, murder in the second degree and unauthorized use of a motor vehicle.

On July 15, 1996, four days after the accident, State Farm issued a reservation of rights letter and, by letter dated September 9, 1996, State Farm disclaimed coverage on the ground that Daniels' use of the vehicle exceeded the scope of the consent of the insured. State Farm commenced this declaratory judgment action against, *inter alia*, Madonna, Daniels and defendant Nicholas Donvito, Sr., as administrator of his son's estate, seeking a declaration that it was not obligated to defend or indemnify Daniels in any action brought against him as a result of the accident. State Farm moved for summary judgment. Donvito opposed the motion, contending that the notice of disclaimer, given almost two months after the accident, was untimely as a matter of law. State Farm submitted an affidavit from the Team Manager of its East Syracuse Claims Office who explained that, immediately after the accident, Madonna refused to cooperate with State Farm and did not give a statement until August 6, 1996. State Farm then submitted the